IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTIE DANIELS | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 15-4821 |
| SEARS AND SEARS ROEBUCKS AND COMPANY | : | |
| | : | |

**MEMORANDUM**

**SURRICK, J.** **FEBRUARY 10 , 2016**

Bettie Daniels ("Plaintiff") filed this negligence action after she sustained injuries in a slip-and-fall at a store operated by Sears and Sears Roebuck and Company ("Defendant"). Presently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 17.) For the following reasons, the Motion will be granted.

## I. BACKGROUND

### A. Factual Background[1]

On February 21, 2014, Plaintiff—who was then 75 years old—went to a Sears retail store in Philadelphia, Pennsylvania to purchase several items of clothing. (Daniels Dep. 13-15, Def.'s SJ Mot. Ex. A, ECF No. 17.) After shopping for thirty minutes, Plaintiff walked into a women's fitting room with three items, which she hung on a rack. (*Id.* at 15.) As Plaintiff was removing her own clothes, she fell to the fitting room's floor. (*Id.* at 20.) There were no witnesses. (Pl.'s SJ Resp. 10, ECF No. 18.) Plaintiff injured her left arm, shoulder, and hip as a result. (Daniels Dep. 43.) At her deposition, Plaintiff testified that she did not observe anything on the floor of the fitting room before or after she fell. (*Id.* at 17.) Plaintiff did not look around the fitting room to discover whether anything caused her to fall. (*Id.* at 28.) Immediately following the incident, Plaintiff reported what

[1] We view of all of the facts and draw all reasonable inferences therefrom in the light most favorable to Plaintiff, the non-moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

had occurred in the dressing room to several Sears employees. (*Id*. at 32-33.) Sears personnel then went to see whether there was anything on the floor that she tripped on or slipped on. (Turner Dep. at 24, Def.'s SJ Mot. Ex. C.) The employees did not observe anything on the fitting room floor. (*Id*. at 31-32.) They then took photographs. (*Id.*) Plaintiff does not know what caused her fall. (Daniels Dep. at 28.)

After speaking with Sears personnel, Plaintiff purchased the items she took into the fitting room and left the store. (*Id*. at 37-38.) Plaintiff felt pain in her arm and sought medical attention immediately after leaving the Sears store. (*Id.* at 38-40.) Plaintiff later developed hip and shoulder pain. (*Id.* at 43-44.)

### B. Procedural History

On August 4, 2015, Plaintiff filed a Complaint against Defendant in the Philadelphia County Court of Common Pleas, alleging negligence. (Compl., Not. of Removal Ex. A, ECF No. 1.) On August 25, 2015, Defendant removed the action to this Court. (Not. of Removal.) On September 23, 2015, Defendant filed an Answer to the Complaint, asserting affirmative defenses. (Answer, ECF No. 7.) An arbitration trial was scheduled for February 23, 2016. On January 18, 2016, Defendant filed the instant Motion for Summary Judgment. (Def.'s SJ Mot.) On January 27, 2016, Plaintiff filed a Response in opposition to Defendant's Motion for Summary Judgment. (Pl.'s SJ Resp.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986)).  "[A] factual dispute is material only if it might affect the outcome of the suit under governing law." *Id*.  The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).  However, "unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 461 (3d Cir. 1989)).

Where the nonmoving party bears the burden of proof at trial, the moving party may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004).  If the moving party carries this initial burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  The nonmoving party must go beyond the pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").  A mere scintilla of evidence in support of the non-moving party's position will not suffice. *Liberty Lobby*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).  This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."

*Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

## III. DISCUSSION

Plaintiff asserts a negligence claim based on premises liability.[2] Under Pennsylvania law, "[t]he mere occurrence of an accident does not establish negligent conduct." *Martin v. Evans*, 711 A.2d 458, 502 (Pa. 1998) (citation omitted). Rather, in any case sounding in negligence, a plaintiff must demonstrate: (1) the existence of a duty or obligation recognized by law; (2) a breach of the duty; (3) causal connection between the breach of duty and the resulting injury; and (4) actual loss or damage. *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27-28 (Pa. 2006) (citation omitted). The nature of the duty turns upon the relationship between the parties at the time of the plaintiff's injury. *See Pittsburgh Nat'l Bank v. Perr*, 637 A.2d 334, 336 (Pa. Super. Ct. 1994). In premises-liability actions, the duty of care that a possessor of land owes to one who enters upon the land "depends upon whether [the latter] is a trespasser, licensee, or invitee." *Carrender v. Citterer*, 469 A.2d 120, 123 (Pa. 1983) (citation omitted); *see also Guttridge v. AP Green Serv., Inc.*, 804 A.2d 643, 655 (Pa. Super. Ct. 2002). The parties agree that Plaintiff was an invitee in Defendant's store. (*See* Def.'s SJ Mot.; Pl.'s Memo. in Support of SJ Resp. at 1, ECF No. 18.)

"It is well settled that a business owner owes a duty to an invitee 'to maintain its premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended.'" *David by Berkeley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 236 (3d Cir. 1984) (quoting *Morris v. Gimbel Bros., Inc.*, 394 F.2d 143, 145 (3d Cir. 1968)).

---

[2] "[A] federal court must apply the substantive laws of its forum state in diversity actions," such as this one. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). Pennsylvania law applies to this dispute.

"An invitee is entitled to expect that the [business owner] will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein." Restatement (Second) of Torts § 343 (1965), comment d. A possessor of land is "not an insurer of the visitor's safety." *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 939 (Pa. Super. Ct. 2002) (citation omitted). Rather, a possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, but only if, the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (adopting Restatement (Second) of Torts § 343 (1965)); *see also Zito v. Merit Outlet Stores*, 647 A.2d 573, 574-75 (Pa. Super. Ct. 1994).

A plaintiff's ability to produce evidence of a dangerous or hazardous condition is the crux of a premises liability action involving a slip-and-fall. *See* Restatement (Second) of Torts § 343. Pennsylvania courts require complainants to prove the existence of a harmful condition in addition to the defendant's notice of such a condition. *See, e.g.*, *Zito*, 647 A.2d at 575 ("[E]vidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition."); *see also Canton v. Kmart Corp.*, 470 F. App'x 79, 83 (3d Cir. 2012) ("The major issues [involving a slip-and-fall claim] ordinarily involve the following: (1) Was there a foreign substance on the floor? . . ."); *Felix v. GMS, Zallie Holdings, Inc.*, 827 F. Supp. 2d 430, 436 (E.D. Pa. 2011), *aff'd*, 501 F. App'x 131 (3d Cir. 2012) (affirming summary judgment where there was "insufficient evidence that Defendants either caused the dangerous condition or had actual notice of the dangerous condition").

Defendant argues that summary judgment is appropriate here because there is no evidence to prove the existence of a hazardous condition that caused Plaintiff to fall. (Memo. in Support of Def.'s SJ Mot 7.) In response, Plaintiff contends that a juror could reasonably infer that the floor in question was slippery and dangerous based on evidence that it was "unusually shiny." (Pl.'s Memo. in Support of SJ Resp. 2.)

Our analysis begins with the evidentiary record, drawing all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."). At her deposition, Plaintiff testified that she did not observe any "foreign substances" on the floor where she fell. (Daniels Dep. 17, 30, 32.) Plaintiff further testified that she does not know what caused her to fall. (*Id.* at 28.) Her testimony included the following:

> Q: When you walked into the fitting room itself where the incident occurred, did you see anything on the floor?
>
> A: No. . . .
>
> Q: Did you look around on the floor to see if anything caused you to fall?
>
> A: No.
>
> Q: Do you know what caused you to fall?
>
> A: No. . . .
>
> Q: After you fell and after you got up to your feet, did you notice anything on the floor? Any foreign substance on the floor?
>
> A: No. . . .
>
> Q: Did you see, at any point in time, anything on the floor in that fitting room or in the hallway outside the fitting room: debris, a cup, trash, anything like that?
>
> A: No.

(*Id.* at 17, 28, 32.) Plaintiff also testified that she did not notice any moisture on her clothes or her shoes after she fell, and that the floor where she fell did not have any visible footprints or streaks. (*Id.* at 30.) Plaintiff argues that this testimony is not fatal to her lawsuit. She asserts that her testimony regarding the floor's shininess creates an issue of material fact that must be resolved by a jury. (Pl.'s Memo. in Support of SJ Resp. 2.) Plaintiff references the following testimony:

> Q: Did you ever figure out what was on the floor, if anything, that was involved in your fall?
>
> A: All I know, it was shiny.
>
> Q: It was shiny?
>
> A: Yeah. It was shiny.
>
> Q: Okay. I think I asked you this. It was a tile floor. Correct?
>
> A: Yes.
>
> Q: Was it shiny in some different way from all the other tile floors? Let me ask you a better question. As you're walking through the store that day, were all the floors shiny or was it just that one area in the fitting room that was shiny?
>
> A: I don't remember. . . .
>
> Q: Okay. When you fell and you were sitting on the floor, from touching the floor either with your hand or with your body, could you detect any substance or anything different about the floor?
>
> A: It was just shiny, really shiny.
>
> Q: Did it feel different to you?
>
> A: I don't remember.

(Daniels Dep. 71, 99-100.)

The evidence—even when viewed in a light most favorable to Plaintiff—does not establish the existence of a hazardous condition. The parties agree that no one witnessed

Plaintiff's fall. (Pl.'s SJ Resp. 10.) Plaintiff has not herself established that the floor was in a hazardous condition, and she cannot identify any third party who observed that the fitting room floor was in a hazardous condition before or after the incident. (*Id.*) The absence of any supporting evidence in conjunction with Plaintiff's testimony that she did not observe any foreign substances on the floor before or after her fall sufficiently demonstrates "that there are no facts supporting the nonmoving party's legal position." *Celotex*, 477 U.S. at 323.

Plaintiff testified only that the floor was shiny. She did not testify that the floor was slippery, and she did not testify as to what caused her to fall. Although elements of a cause of action may be established by drawing inferences from circumstantial evidence, these inferences must be reasonable and logical. *Fedorczyk v. Caribbean Cruise Lines*, 82 F.3d 69, 75 (3d Cir. 1996). Conclusions based on such inferences must not be the result of speculation and conjecture. *Id*. at 75. Plaintiff contends that a fact-finder may infer that the floor was in a hazardous condition because it was shiny. The Pennsylvania Superior Court in *Myers v. Penn Traffic Co.* discussed and rejected a similar argument. 606 A.2d 926, 931 (1992). In *Myers*, the plaintiff allegedly slipped on wax that accumulated on the floor of a grocery store. *See id.* The plaintiff testified that wax accumulated on the floor and that a store employee saw scuff marks in the wax. *Id.* The superior court in affirming summary judgment observed that "[t]he real question [] is not whether there was an improper application of wax but whether such alleged improper application created a condition so obviously dangerous as to amount to evidence from which an inference of negligence would arise." *Id.* (citation omitted). In this case, evidence of a shiny floor alone does not constitute evidence from which a fact-finder could reasonably infer the existence of a hazardous condition. Plaintiff does not offer evidence—testimonial or otherwise—showing that the shine on the floor was dangerous or that it caused her fall. Instead,

she asserts that a jury could infer that the floor was in a hazardous condition based on her observation regarding its shiny appearance. Such an inference would be sheer speculation. *See, e.g.*, *Fedorczyk*, 82 F.3d at 75 ("[W]hen the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." (citation and internal quotation omitted)).

Other courts have reached similar conclusions. For example, in *Kazimer v. Methacton School District*, the 78-year-old plaintiff sustained physical injuries after he slipped on a staircase. No. 760 C.D. 2015, 2016 WL 300072, at *1 (Pa. Commw. Ct. Jan. 22, 2016). Like Daniels, the plaintiff in *Kazimer* "did not notice any liquid or debris on the steps or any defects in the steps." *Id.* at 2. The court concluded that the plaintiff's testimony that the stairs had a "shiny, glossy finish" did not sufficiently demonstrate "either a structural defect in the stairs or the negligent maintenance of the stairs as a cause for [the p]laintiff's injuries." *Id.* at 6. As a result, the court affirmed summary judgment. *Id.* at 7. Similarly, summary judgment was affirmed in *Yeiter v. Kmart Corp. Bergensons Prop. Servs.*, No. 1210 EDA 2013, 2014 WL 10896970, at *4 (Pa. Super. Ct. July 1, 2014). In that case, the plaintiff failed to offer evidence of a defect that caused her to fall in a retail store. *See id.* at 1. The plaintiff merely testified that the floor in question "was just like slippery and shiny." *See id.* at 3. Like Daniels, the plaintiff in *Yeiter* testified that she did not know what caused her to fall and that she did not observe anything on the floor. *Id.* Again, summary judgment was affirmed. *Id*. at 4. The evidence presented in this case exhibits the same weakness as the evidence in both *Kazimer* and *Yeiter*. Plaintiff has merely described a floor as shiny, nothing more.

Plaintiff makes a passing reference to *Reinoso v. Heritage Warminster SPE LLC*, 108 A.3d 80, 81 (Pa. Super. Ct. 2015) to save her claim from dismissal. (*See* Pl.'s Memo. in Support

of SJ Resp. at 1.) In its broadest sense, *Reinoso* stands for the proposition that property owners are not responsible for trivial defects. The excerpt cited by Plaintiff is included only in the court's recount of precedent involving sidewalk defects. It has no applicability here. In any event, Plaintiff has failed to offer any evidence in this case tending to establish that a dangerous or defective condition existed.

Since the evidentiary record in this matter does not contain any evidence that would support a finding of negligence, summary judgment in favor of Defendant is required.

## IV. CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment will be granted.

An appropriate Order will follow.

**BY THE COURT:**

**R. BARCLAY SURRICK, J.**